UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KURTZ, individually and on behalf of all other similarly situated California Residents,<br><br>            Plaintiff,<br><br>   v.<br><br>INTELIUS, INC., a Delaware Corporation; INTELIUS SALES COMPANY LLC, a/k/a INTELIUS SALES, LLC, a Nevada Limited Liability Company; and ADAPTIVE MARKETING LLC, a Delaware Limited Liability Company,<br><br>           Defendants. | Case No. 2:11-CV-01009-JAM-JFM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER |

    This matter comes before the Court on Defendants Intelius, Inc. and Intelius Sales Company, LLC's (collectively "Defendants") Motion to Transfer this action to the Central District of California (Doc. #13), which Plaintiff Michael Kurtz ("Plaintiff") opposes (Doc. #34).[1]

    For the reasons set forth below(and not because this Court found either Yogi Berra or Sun Tsu to be persuasive authority),

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for August 3, 2011.

1

Defendants' Motion to Transfer is granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case was initiated as a class action suit. The named Plaintiffs, and proposed putative class of California consumers, seek relief based on allegedly deceptive advertisements that appeared on Defendants' website. See Defendants' Motion to Transfer, Doc. #13-1 ("Defs MT") at pg. 1.

Prior to the filing of this case, Plaintiffs' attorneys filed an identical action in the Central District of California through different named plaintiffs, seeking relief under various California laws. Compare Doc. #1 with Baxter v. Intelius, et al., Case No. 09-1031 AG (second amended complaint filed June 11, 2010). This previous case was summarily dismissed with prejudice. Importantly, in lieu of paying sanctions, the Baxter plaintiffs, represented by the same attorneys as the Plaintiffs in this case, stipulated to not file another case against Intelius involving the same facts. See Defs MT at pg. 1-2.

## II. OPINION

A. Legal Standard

1. Motion to Transfer

28 U.S.C. section 1404(a) authorizes the transfer of any case to a more convenient forum if transfer is in the interest of justice. Specifically, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. (28 U.S.C. § 1404(a)). Indeed, district courts have discretion to adjudicate motions for transfer

1 according to "an individualized, case-by-case consideration of
2 convenience and fairness," Stewart Org., Inc. v. Ricoh Corp., 487
3 U.S. 22, 29 (1988), and the burden is on the moving party to show
4 that transfer is appropriate. See Commodity Futures Trading Com. v.
5 Savage, 611 F.2d 270, 279 (9th Cir. 1979).
6      In determining whether transfer is warranted, the Ninth
7 Circuit requires district courts to weigh multiple factors,
8 including: (1) the location where the relevant agreements were
9 negotiated and executed, (2) the state most familiar with the
10 governing law, (3) the plaintiff's choice of forum, (4) the
11 parties' contacts with the forum, (5) the contacts relating to the
12 plaintiff's cause of action in the chosen forum, (6) the
13 differences in the costs of litigation in the two forums, (7) the
14 availability of compulsory process to compel attendance of
15 unwilling non-party witnesses, and (8) the ease of access to
16 sources of proof. Jones v. GNC Franchising, Inc., 211 F.3d 495,
17 498-99 (9th Cir. 2000).
18           2.   Request for Judicial Notice
19      A court may consider material beyond the pleadings if the
20 material is attached to, or relied on by, the complaint, or the
21 court takes judicial notice of matters of public record, provided
22 the facts are not subject to reasonable dispute. E.g., Sherman v.
23 Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009)
24 (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.
25 2001) and Fed. R. Evid. 201).
26      Defendants have requested this Court take judicial notice of
27 public records. Defendants' Request for Judicial Notice, Doc. #14.
28 These documents are relevant to the pending motion to transfer, and

1  are not subject to reasonable dispute.  <u>See</u> FED. R. EVID. 201.
2  Accordingly, this Court grants Defendants' request in its entirety
3  and considers the proffered documents in ruling on Defendants'
4  Motion to Transfer.
5      B.   <u>Defendants' Motion to Transfer</u>
6      As set forth in Defendants' motion, this Court must find that
7  the pending action could have originally been brought in the
8  Central District, and that the transfer would be convenient and in
9  the interests of justice.  Defendants' motion demonstrates that
10 both of these requirements for transfer are satisfied, and the
11 factors provided by the Ninth Circuit weigh in favor of transfer,
12 as discussed below.
13     First, Defendants established that they could be subject to
14 suit in any district in California, which Plaintiffs did not
15 dispute in their Opposition.  <u>See</u> Defs MT at pg. 7-8.
16     Next, Defendants argue that transferring this action is in the
17 interests of justice.  Defs MT at pg. 8-12 (citing <u>Wireless
18 Consumers Alliance v. T-Mobile USA, Inc.</u>, 2003 WL 22387598 (N.D.
19 Cal. 2003)).  An important factor for this Court to consider in
20 determining whether transfer is appropriate is conservation of
21 judicial resources, and Defendants argue that this factor weighs
22 heavily in favor of transfer.  <u>Id</u>. at pg. 9-11.  This Court agrees
23 that judicial resources are conserved when an action is adjudicated
24 by a court that has already "committed judicial resources to the
25 contested issues and is familiar with the facts of the case."  <u>See
26 Rainin Instrument, LLC v. Gilson, Inc.</u>, 2006 WL 708660 at *4 (N.D.
27 Cal. 2004).  An identical case, brought by the same attorneys, has
28 been litigated in the Central District, making that court

4

intimately familiar with the issues in the case.  Moreover, as Defendants point out, had this case been initiated in the Central District, it would have been related to the Baxter matter and heard by the same judge.  See Central District of California Local Rules, Rule 83 ("At the time a civil action . . . is filed, the attorney shall file . . . a Notice of Related Case(s), stating whether any action previously filed . . .: (a) [arises] from the same or a closely related transaction, happening or event; or (b) [requires] determination of the same or substantially related or similar questions of law and fact; or (c) . . . would entail substantial duplication of labor if heard by different judges.").  Plaintiffs' accusation that Defendants are forum shopping is unfounded. Instead, it is Plaintiffs that seek to get around an adverse ruling by finding new named Plaintiffs and filing in a different district.

Defendants have also established that transfer of this case to the Central District is convenient because the Baxter matter, involving the same facts, witnesses, and evidence, was conveniently venued in the Central District.  Defs MT at pg. 12-15.  Although the named Plaintiff in this case resides in the Eastern District, Defendants note that the class of Plaintiffs are located throughout California.  Moreover, Plaintiffs' choice of forum in the Eastern District should be discounted in light of the Baxter holding, as the judicially noticed matters before this Court make clear that Plaintiffs are simply attempting to re-litigate an unsuccessful case in another forum.

Finally, this Court notes that the Keithly decision does not affect the outcome of this case, nor does Plaintiffs' citation to the "ROSCA" statute.  See Keithly v. Intelius, Inc., et al., 764

1  F.Supp.2d 1257 (W.D. Wash. 2011).  If anything, the Keithly
2  decision helps Defendants.  In that case, the district court
3  dismissed all of the plaintiffs' claims, several of which are
4  presented in this case, and were presented in Baxter, but found
5  that plaintiffs had stated a claim under Washington State Law.  See
6  id.  Keithly is clearly distinguishable from the case at bar, and
7  therefore has no bearing on Defendants' Motion to Transfer.  Nor
8  does the ROSCA statute merit any consideration, as it does not
9  appear in Plaintiffs' complaint.
10     In light of Plaintiffs' attempt to re-litigate a previously
11 filed, and dismissed action, Defendants' Motion to Transfer is
12 granted.
13     C.   Other Pending Motions
14     In light of this Court's ruling on Defendants' Motion to
15 Transfer, all other pending motions will not be considered by this
16 Court and may be considered in the Central District.  See Utah v.
17 American Pipe & Constr. Co., 316 F. Supp. 837, 839 (C.D. Cal. 1970)
18 (transferor court loses jurisdiction over action upon transfer).

20                              III. ORDER
21     After carefully considering the papers submitted in this
22 matter, it is hereby ordered that Defendants' Motion to Transfer is
23 GRANTED and this case shall be transferred to the Central District
24 of California, Southern Division.  It is further ordered that all
25 other filed motions are stayed pending transfer.
26     IT IS SO ORDERED.
27 Dated: September 8, 2011                _____
28                                         JOHN A. MENDEZ,
                                           UNITED STATES DISTRICT JUDGE